IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,611






EX PARTE BRIAN KEITH KINNETT, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM WICHITA COUNTY






 Meyers, J., filed a dissenting opinion.



DISSENTING OPINION


 The majority should make a determination regarding whether the water in the toilet
was an adulterant or dilutant before addressing whether the statute regarding adulterants
and dilutants is facially unconstitutional. Since the majority does not make such a
determination, I respectfully dissent. 

 Applicant did not add the drugs to the water in the toilet to dilute or adulterate the
drugs or to increase "the bulk or quantity of a controlled substance." Even if you believe
the state's theory that the substance was put into the toilet in order to preserve the drugs
for later use, as discussed in the concurring opinions, this still may not fit the definition of
adulterant or dilutant. The majority fails to establish that putting a controlled substance
into a vessel of water in order to preserve the controlled substance makes the entire
amount of water in the vessel an adulterant or dilutant. 

 The past cases dealing with this issue involved adulterants or dilutants that had
been mixed with the drug either to increase the amount available for sale, or as part of the
manufacturing process, or through the actual use of the drug. I agree with those cases,
Wright v. State, 201 S.W.3d 765 (Tex. Crim. App. 2006), and Seals v. State, 187 S.W.3d
417 (Tex. Crim. App. 2005), in which we determined that the legislature promulgated this
definition in order to punish to the fullest extent of the law those guilty of the
manufacture, sale, or use of controlled substances. Applicant argues that the statute is
unconstitutionally vague, over-broad, and has no reasonable relation to these state
objectives. He reasons that while the state may be acting in pursuit of permissible state
objectives, the means adopted, i.e., the inclusion in the weight of a controlled substance
of any material which contains any quantity of a controlled substance, are not reasonably
related to the accomplishment of these objectives. I agree that it is more reasonable to
read the definition of adulterants and dilutants as including substances that have been
commingled with the drugs through their use, as part of the manufacturing process, or in
order to increase the amount available for sale. Because I feel that the majority should
consider whether the water in which the drugs were placed actually increased the bulk or
quantity of the controlled substance, I respectfully dissent. 


 Meyers, J. 


Filed: February 13, 2008

Do Not Publish